# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

TERRANCE LUTREK ANDERSON,     )
                                       )
        Petitioner,               )
                                       )
     v.                       )      No. 1:19-CV-14 JAR
                                     )      CAPITAL HABEAS
RICHARD JENNINGS,              )
                                     )
        Respondent.             )

## MEMORANDUM AND ORDER

Petitioner is a state prisoner who has been sentenced to death following his 2001 convictions for two counts of first degree murder in the Cape Girardeau County, Missouri. On, November 20, 2018, the Supreme Court of Missouri affirmed petitioner's convictions and death sentence. *See Anderson v. State*, No. SC96548 (Mo.). The motion for rehearing was denied in the Supreme Court on January 29, 2019. *Id.* Petitioner was represented by William J. Swift during his post-conviction proceedings in the Supreme Court of Missouri.

The Office of the Federal Public Defender for the Western District of Missouri's Capital Habeas Unit ("Western District CHU") filed the instant motion seeking appointment of counsel for the filing of a federal habeas corpus petition on or about January 25, 2019.[1]

Petitioner wishes to file a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state convictions and sentence.

---

[1] In the Western District CHU's first request for appointment of counsel in this matter, Doc. #2, the Western District CHU asked to partner with another CHU in this case to provide learned counsel for petitioner in this matter. However, after obtaining permission through the proper out-of-district protocol to use the CHU in this action as secondary counsel, it was learned that the second CHU had a conflict and would not be able to represent petitioner. As a result, the Western District CHU is currently planning to partner with the Eastern District of Pennsylvania CHU as secondary counsel in this matter, and they are currently seeking approval to use counsel through the Defender Services' out-of-district protocol. The Court can approve the Western District CHU's request to proceed as counsel at this time, but the Eastern District of Pennsylvania CHU will have to submit a separate motion for appointment of counsel in this action once they have received approval from the out-of-district protocol request.

Consequently, petitioner is seeking appointment of counsel pursuant to *McFarland v. Scott*, 512

U.S. 849, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994) and 18 U.S.C. § 3599(a)(2).

Section 3599 provides, in relevant part,

In any post-conviction proceeding under section 2254 or 2255 of title 28, United
States Code, seeking to vacate or set aside a death sentence, any defendant who is
or becomes financially unable to obtain adequate representation or investigative,
expert, or other reasonably necessary services shall be entitled to the appointment
of one or more attorneys and the furnishing of such other services in accordance
with subsections (b) through (f) [ (relating to conditions of appointment) ].

18 U.S.C. § 3599(a)(2).[2]

In *McFarland*, the United States Supreme Court construed this statutory right to counsel

to include the right to legal counsel prior to the filing of a formal federal habeas corpus petition

and held that "a 'post-conviction proceeding' within the meaning of [§ 3599(a)(2) ] is

commenced by the filing of a capital defendant's motion requesting the appointment of counsel

for his federal habeas corpus proceeding." *McFarland*, 512 U.S. at 856–57. Accordingly, once a

capital defendant files a motion requesting appointment of counsel, as petitioner has done in this

case, he is granted "a mandatory right to qualified legal counsel." *Id.* at 854. This right to counsel

"necessarily includes a right for that counsel meaningfully to research and present a defendant's

habeas claims." *Id.* at 858. The Supreme Court cautioned that "[w]here this opportunity is not

afforded, '[a]pproving the execution of a defendant before his [petition] is decided on the merits

would clearly be improper.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 889, 103 S.Ct. 3383,

77 L.Ed.2d 1090 (1983)).

---

[2] Section 620.10.20 in the Guide to Judiciary Policy, Chapter 6: Federal Death Penalty and Capital Habeas Corpus
Representations, relates to the appointment of counsel in death penalty habeas proceedings. It states: (1) Under 18
U.S.C. § 3599(a)(2) a financially eligible person seeking to vacate or set aside a death sentence in proceedings under
28 U.S.C. § 2254 or § 2255 is entitled to appointment of one or more qualified attorneys. (2) Due to the complex,
demanding, and protracted nature of death penalty proceedings, judicial officers should consider appointing at least
two attorneys.

Here, because the Court concludes that petitioner is indigent, and the Western District CHU has demonstrated that it possesses the special expertise in capital jurisprudence and thereby qualifies for appointment as capital habeas counsel under the standards set forth in 18 U.S.C. § 3599(a)(2), the Court will grant petitioner's motion for appointment of the Western District CHU as counsel.

Finally, a scheduling order will accompany this Memorandum and Order so that petitioner's counsel may utilize their time as counsel to properly investigate, research, prepare, and file his federal petition for writ of habeas corpus.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #1] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Federal Public Defender's Office for the Western District of Missouri Capital Habeas Unit is **APPOINTED** to represent petitioner in this action, and as such, counsel's motion for appointment of counsel [Doc. #2 and #3] are **GRANTED.**

**IT IS FURTHER ORDERED** that after such time as secondary counsel, the Eastern District of Pennsylvania CHU, are approved to appear in this action pursuant to the out-of-district protocol, the Pennsylvania CHU shall move separately for appointment of counsel on behalf of petitioner.

**IT IS FURTHER ORDERED** that simultaneously with this Memorandum and Order, the Court shall issue a Case Management Order in this Capital Habeas Action.

Dated this 5th day of March, 2019.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE