## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

TERRANCE LUTREK ANDERSON,      )
                               )
            Petitioner,        )
                               )
    vs.                        )        Case No. 1:19-CV-00014 JAR
                               )        **CAPITAL CASE**
RICHARD JENNINGS,              )
                               )
            Respondent.        )

### MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motion for Stay and Abeyance of Habeas Corpus Proceedings Pending Exhaustion of State Remedies. (Doc. No. 18). The motion is fully briefed and ready for disposition.

### Background

After a jury trial in 2001, Petitioner was convicted of two counts of first-degree murder, and sentenced to death on one count and life without probation or parole on the other. The Missouri Supreme Court affirmed the convictions and sentences. State v. Anderson, 79 S.W.3d 420 (Mo. 2002). Thereafter, Petitioner filed a motion for post-conviction relief pursuant to Rule 29.15. Following an evidentiary hearing, Petitioner's motion was denied. Petitioner appealed and the Missouri Supreme Court reversed the death sentence and remanded for a new penalty phase trial. Anderson v. State, 196 S.W.3d 28 (Mo. 2006). On remand, Petitioner was again sentenced to death. Petitioner appealed and the Missouri Supreme Court affirmed. State v. Anderson, 306 S.W.3d 529 (Mo. 2010). The circuit court denied Petitioner's pro se post-conviction motion to disqualify the post-conviction judge and motion alleging ineffective assistance of counsel. Petitioner appealed and the Missouri Supreme Court reversed and remanded, holding that recusal of the judge was required. Anderson v. State, 402 S.W.3d 86 (Mo. 2013). On remand the circuit

court denied relief. Petitioner appealed and the Missouri Supreme Court affirmed. Anderson v. State, 564 S.W.3d 592 (Mo. 2018), reh'g denied (Jan. 29, 2019).

On January 25, 2019, the Office of the Federal Public Defender for the Western District of Missouri's Capital Habeas Unit moved for appointment of counsel on behalf of Petitioner for the filing of a federal habeas corpus petition. (Doc. Nos. 1, 2, 3). On March 5, 2019, this Court appointed the Capital Habeas Unit of the Office of the Federal Public Defender for the Western District of Missouri and the Capital Habeas Unit of the Federal Community Defender Office for the Eastern District of Pennsylvania to represent Petitioner in this action. (Doc. Nos. 4, 9). On January 29, 2020, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, raising nineteen claims for relief. (Doc. No. 17).

On March 4, 2020, Petitioner filed the instant motion, requesting the Court stay this action so that he can return to state court to exhaust claims of jury misconduct set forth in Claim 10 of his habeas petition based on newly obtained evidence. Specifically, Petitioner asserts that his current counsel's recent investigation has revealed that: (1) at the original trial, the jurors prematurely deliberated and were subject to outside influence from an alternate juror (Doc. No. 17 at 49); (2) at resentencing, Juror Poole failed to disclose critical information regarding potential bias, namely that she was the victim of a violent crime and that her next-door neighbor was a niece of the victims (id. at 50); and (3) the trial court's improper communication with Juror Poole during resentencing caused her to change her vote to a death sentence (id. at 51).

**Legal standard**

Federal courts may not grant a writ of habeas corpus brought by a person in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is grounded in principles of comity as it gives states the first opportunity to correct alleged violations of a

prisoner's federal rights. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991). In <u>Rose v. Lundy</u>, 455 U.S. 509 (1982), the Supreme Court held that for reasons of comity and federalism, district courts may not adjudicate "mixed" petitions, i.e., petitions containing exhausted and unexhausted claims. However, a district court may stay a mixed petition to allow a petitioner to exhaust his claims in state court without running afoul of the one-year statute of limitations period for receiving federal habeas review imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). <u>Rhines v. Weber</u>, 544 U.S. 269, 273–75 (2005). "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts," stay and abeyance is only appropriate when the district court determines that: (1) the petitioner has good cause for his failure to exhaust his claims; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory tactics. <u>Id</u>. at 277-78.

**Arguments of the parties**

In support of his motion, Petitioner first asserts he has good cause for failing to raise his claims of juror misconduct in state court because he had no reason to investigate or present them earlier. The claims at issue arose from juror interviews conducted by Petitioner's current counsel; neither the trial judge nor the jurors revealed this information during voir dire or any other stage of the proceedings. Thus, he argues, the claims were concealed from him for reasons "external to the defense," and impeded his efforts to comply with state procedural rules. (Doc. No. 18-1 at 3-4) (citing <u>State ex rel Taylor v. Moore</u>, 136 S.W.3d 799, 801 (Mo. banc 2004)). Alternatively, Petitioner contends his state post-conviction counsel's failure to investigate these jury issues constitutes good cause for a stay. (<u>Id</u>. at 4-5). Second, Petitioner argues that permitting him to return to state court is not "plainly meritless" (<u>id</u>. at 5-6), and that Missouri state habeas is still an available remedy (<u>id</u>. at 7-8). Lastly, Petitioner asserts that his failure to exhaust was not for purposes of delay since the factual bases for his claims were previously concealed. (<u>Id</u>. at 9).

Respondent argues that Petitioner is not entitled to a stay because his failure to raise his claims in his Rule 29.15 motion procedurally defaults those claims in state habeas, which meets the technical requirements for exhaustion. (Doc. No. 20 at 3-5) (citing Coleman, 501 U.S. at 732). Respondent further argues that Petitioner cannot demonstrate adequate cause to excuse his state court default, and prejudice from the failure. Petitioner blames his post-conviction relief counsel's failure to investigate juror misconduct for the failure to raise and exhaust his claims in state court; however, Missouri courts have uniformly held that claims of post-conviction counsel's ineffective assistance are "categorically unreviewable." (Doc. No. 20 at 6) (citing Gehrke v. State, 280 S.W.3d 54, 58 (Mo. 2009); Barton v. State, 486 S.W.3d 332 (Mo. 2016)). Moreover, the factual predicate for Petitioner's claims was reasonably discoverable simply by interviewing jurors. (Id. at 7). Lastly, Respondent argues that Petitioner cannot show manifest injustice, because his claims of juror misconduct do not meet the standard of gateway innocence. (Id. at 8).

Petitioner replies that Missouri courts can and do review otherwise procedurally defaulted claims in state habeas proceedings when there is an "objective factor external to the defense" that "impeded" the petitioner's ability to comply with the procedural rules. (Doc. No. 23 at 2-3) (citing, inter alia, State ex rel. Koster v. McElwain, 340 S.W.3d 221 (Mo. Ct. App. 2011) and State ex rel. Winfield v. Roper, 292 S.W.3d 909 (Mo. banc 2009)). Petitioner asserts that in this case, the jurors or the trial court concealed the alleged jury misconduct from him. In surreply[1], Respondent argues that Petitioner is not entitled to a stay because his claims are defaulted in state habeas, and any return to state court would be futile. (Doc. No. 25).

**Discussion**

Under Rhines, the Court must first determine whether good cause exists for Petitioner's failure to exhaust. Rhines, 544 U.S. at 277-78. "Cause in this regimen means that the petitioner's

---

[1] The Court granted Respondent the option of filing a surreply to Petitioner's reply. (Doc. No. 24).

procedural default was caused by something external to the defense, i.e., something for which the petitioner is not responsible. McArthur v. Bowersox, No. 4:14-CV-1660-SPM, 2016 WL 866040, at *3 (E.D. Mar. 7, 2016). Petitioner asserts he had no reason to investigate or present his claims of juror misconduct earlier because neither the trial judge nor the jurors themselves disclosed the factual basis of the claims. Regardless, this information was always available to Petitioner and his counsel at the time of his direct appeal and Rule 29.15 motion simply by interviewing jurors. See Zeitvogel v. Delo, 84 F.3d 276, 279-80 (8th Cir. 1996) (Lack of production of information is not "cause" excusing procedural default if the information was "reasonably available through other means."). Counsel can always attempt to talk to jurors following a trial and frequently do so. Thus, Petitioner has failed to show cause for procedurally defaulting his claims of jury misconduct in state court.

Additionally, in order to grant a Rhines stay, the Court must make a finding that the claim or claims a petitioner is seeking to exhaust are not "plainly meritless." Rhines, 544 U.S. at 277-78. One of the alleged incidents of jury misconduct concerns premature deliberations and is based on the statement of an alternate juror, Wanda Grim, that the jurors discussed the verdict and decided on Petitioner's guilt. To protect a defendant's Sixth Amendment right to a fair trial, a jury must refrain from premature deliberations in a criminal case. United States v. Axsom, 761 F.3d 895, 899 (8th Cir. 2014) (citing United States v. Gianakos, 415 F.3d 912, 921 (8th Cir. 2005)). "[W]here the district court instructs a jury to refrain from premature deliberation ... and the jury nonetheless discusses the case before the close of trial, that premature deliberation may constitute juror misconduct." United States v. Sabhnani, 529 F. Supp. 2d 384, 390-91 (E.D.N.Y. 2008), aff'd, 599 F.3d 215 (2d Cir. 2010) (citations omitted). However, the general presumption is that jurors remain true to their oath and conscientiously observe the trial court's instructions. Id. Moreover, "intra-jury communications pose a less serious threat to a defendant's right to an impartial trial

than do extra-jury influences, and therefore district courts are entitled to even greater deference in their responses to them than in responses to outside influences." Id. at 391 (citing United States v. Bertoli, 40 F.3d 1384, 1394 (3d Cir. 1994)). Even assuming the jury did discuss the case with one another before deliberating, nothing in Grim's statement indicates that any pre-deliberation that might have occurred was prejudicial. These were clearly intra-jury communications, and the mere presence of an alternate juror is not colorable evidence of outside influence.

With regard to Petitioner's allegation that Juror Poole failed to disclose her potential bias, there is nothing in the record to show that she intentionally concealed information or that she even knew that her next-door neighbor was a niece of the victims. The courts presume that a prospective juror is impartial, Moran v. Clarke, 443 F.3d 646, 650 (8th Cir. 2006), and Petitioner has submitted no evidence to counter that presumption. Petitioner also references "improper communication" between the trial court and Juror Poole that caused her to change her vote to a death sentence; however, there is no evidence in the record of what was actually discussed. In any event, none of this is newly discovered evidence and was always available to Petitioner and his counsel by interviewing the jurors. Petitioner cannot show prejudice necessary to overcome procedural default since there is no evidence suggesting the juror misconduct, if proven, would have affected the verdict in his case.

To the extent Petitioner contends his trial and post-conviction counsel were ineffective for failing to investigate juror misconduct, such claims are not cognizable. Missouri courts have consistently refused to recognize a right to effective assistance of post-conviction counsel, stating such claims are "categorically unreviewable." Gehrke v. State, 280 S.W.3d 54, 58 (Mo. 2009) (quoting Hutchison v. State, 150 S.W.3d 292, 303 (Mo. 2004)); Barton v. State, 486 S.W.3d 332 (Mo. 2016). Missouri courts also have not extended Martinez v. Ryan, 566 U.S. 1 (2012) to state habeas corpus. Martin v. State, 386 S.W.3d 179, 185-86 (Mo. Ct. App. 2012); Bain v. State, 407

S.W.3d 144, 148 n. 2 (Mo. Ct. App. 2013). Thus, it would be futile for Petitioner to return to state court since he has no available state court remedy. Armstrong v. Iowa, 418 F.3d 924, 926-27 (8th Cir. 2005).

For these reasons,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Stay and Abeyance of Habeas Corpus Proceedings Pending Exhaustion of State Remedies [18] is **DENIED**.

The Court will set a scheduling conference with counsel by separate Order.

Dated this 14th day of July, 2020.


**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**