# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| TERRANCE LUTREK ANDERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:19-CV-00014 JAR |
| ) | **CAPITAL CASE** |
| RICHARD JENNINGS, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motion for Stay and Abeyance of Habeas Corpus Proceedings Pending Exhaustion of State Remedies. (Doc. No. 72). The motion is fully briefed and ready for disposition.

**Background**

Petitioner is a Missouri state prisoner under a sentence of death. After direct appeals and post-conviction proceedings, the Missouri Supreme Court affirmed the denial of relief. Anderson v. State, 564 S.W.3d 592 (Mo. banc 2018) (rehearing denied on January 29, 2019). Petitioner filed his Petition for Writ of Habeas Corpus with this Court on January 29, 2020. (Doc. No. 17). On March 4, 2020, Petitioner requested the Court stay this action so he could return to state court to exhaust claims of jury misconduct set forth in Claim 10 of his habeas petition based on newly obtained evidence. (Doc. No. 18). The Court denied Petitioner's request. (Doc. No. 26). On October 16, 2020, Petitioner amended his habeas petition (Doc. No. 33); his supporting memorandum was filed on January 15, 2021 (Doc. No. 40). Respondent filed his response on April 15, 2021 (Doc. No. 49) and Petitioner replied on February 22, 2022 (Doc. No. 64).

Following the Supreme Court's recent decision in Shinn v. Ramirez, 142 S. Ct. 1718

-1-

(2022), Respondent filed a notice of additional authority with the Court asserting that Shinn holds that under § 2254(e)(2), federal habeas courts may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court record, even when a petitioner alleges ineffective assistance of state post-conviction counsel under Martinez v. Ryan, 566 U.S. 1 (2012). (Doc. No. 66). The Court granted Petitioner an opportunity to respond or otherwise file additional pleadings in light of Shinn. (Doc. Nos. 70, 71). Petitioner filed the instant motion requesting the Court stay this action so he can return to state court to present his unexhausted claims of ineffective assistance of counsel set forth in Claims 6, 12, and 14[1] of his habeas petition in compliance with Shinn. Upon consideration, the motion will be denied.

**Discussion**

In support of his motion for a stay and in response to Respondent's reliance on Shinn, Petitioner first argues that Shinn did not overrule Martinez and Trevino[2]; thus, even without conducting a hearing under § 2254(e), the Court can still consider claims 6, 12, and 14 based on the existing state court record. (Doc. No. 73 at 3-8). To the extent Shinn requires any evidence this Court considers to be a part of the state-court record, Petitioner requests his habeas case be stayed pursuant to Rhines v. Weber, 544 U.S. 269 (2005), so that he can present the relevant evidence in state court. (Doc. No. 73 at 9-18). Alternatively, Petitioner requests this Court (1) consider Claim

---

[1] In Claim 6, Petitioner alleges his trial counsel failed to object to additional improper closing arguments. In Claim 12, Petitioner alleges his prior counsel failed to investigate the violation of his right to a jury comprised of a fair cross-section of the community. In Claim 14, Petitioner alleges his resentencing counsel was ineffective for failing to reasonably investigate, develop and present compelling mitigating evidence that was readily available.

[2] In Martinez v. Ryan, 566 U.S. 1, 17 (2012), the Supreme Court held that a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective. Subsequently, in Trevino v. Thaler, 569 U.S. 413, 429 (2013), the Supreme Court held that Martinez applies where a State "procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal."

14 in its entirety to prevent a fundamental miscarriage of justice, and (2) evaluate "cause and prejudice" for the defaults and the merits of Claims 6 and 12 (and in the alternative Claim 14) using the existing state-court record. (Doc. No. 73 at 20-24).

Respondent opposes a stay, arguing that Petitioner misunderstands the effect of the Supreme Court's decision in Shinn, which confirmed, based on the text of § 2254(e)(2), that a habeas court "may not consider [new] evidence on the merits of a negligent prisoner's defaulted claim unless the exceptions in § 2254(e)(2) are satisfied" – even in the context of a Martinez hearing. Shinn, 142 S. Ct. at 1738. (Doc. No. 78 at 2-8). Respondent further argues that Petitioner's claims 6, 12, and 14 are procedurally defaulted and therefore exhausted. Thus, the Court has no authority to issue a Rhines stay. (Id. at 8-12).

In reply, Petitioner argues that since the Supreme Court recognized that under Martinez, "ineffective assistance of state postconviction counsel may constitute "cause" to forgive procedural default of a trial-ineffective-assistance claim," see 142 S. Ct. at 1733, Shinn supports his request to either expand the record under Habeas Rule 7 to include evidence establishing cause or return to state court to include the evidence in the state court record. (Doc. No. 81 at 2). The Court disagrees.

Although Martinez can excuse procedural default and permit a petitioner to *raise* an ineffective assistance of trial counsel claim in federal habeas, it does not permit factual development outside the state court record to *prove* that claim. Instead, claims that can be raised under Martinez remain subject to § 2254(e)(2), which generally does not permit new evidence in federal habeas proceedings unless the petitioner shows actual innocence and the claim relies either on a new, retroactive rule of constitutional law or on a factual predicate that could not previously have been discovered. Shinn, 142 S. Ct. at 1728. Petitioner makes no argument that he can satisfy the narrow requirements of § 2254(e)(2).

Moreover, in Rhines, the Supreme Court limited district courts' discretion to allow habeas petitioners to return to state court to exhaust claims. When a petitioner pleads both exhausted and unexhausted claims – known as a mixed petition – the district court may stay the petition to allow the petitioner to return to state court to exhaust claims only if: (1) the habeas petitioner has good cause for procedural default; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. 544 U.S. at 276-77. Cause must be something external to the defense, i.e., something that cannot fairly be attributed to him. Marcyniuk v. Payne, 39 F.4th 988, 995 (8th Cir. 2022) (citing Coleman v. Thompson, 501 U.S. 722, 753 (1991)).

Petitioner argues he can meet the requirements for a Rhines stay because Claims 6, 12, and 14 are potentially meritorious. He adds there is good cause for his failure to exhaust because his state post-conviction counsel failed to conduct an objectively reasonable investigation that would have revealed meritorious violations of his constitutional rights and concludes that he has not engaged in dilatory tactics. Respondent argues that a stay is inappropriate because Petitioner's claims are exhausted by virtue of his procedural default and that even if they were unexhausted, he does not have an available state remedy.

In his amended habeas petition, Petitioner asserted that Claims 6, 12, and 14 were exhausted. (Doc. No. 17 at 13, 36, 70, 106). He now argues the claims are unexhausted and that he should be granted a stay so that he can return to state court to present those claims in a successive and untimely state habeas petition. (Doc. No. 73 at 2). In his reply, Petitioner asserts that his statement that his claims are exhausted does not necessarily mean that they are, see Ashker v. Leapley, 5 F.3d 1178, 1180 (8th Cir. 1993). In further reply, Petitioner states that state-court remedies are "at least arguably available" to him and that if the Court is unsure, it should grant the stay to permit the state court to make that determination in the first instance. But Petitioner makes

–4–

no argument that he can overcome the procedural bars of the Claims 6, 12, and 14 – in which Martinez would not apply – in state court under current Missouri law.

In sum, Petitioner has not demonstrated that a Rhines stay is warranted here. The point of a Rhines stay is to allow a federal habeas petitioner an opportunity to present unexhausted claims in state court. His claims are procedurally defaulted, and he makes no attempt to show he can overcome the procedural bars. Thus, granting Petitioner's request for a Rhines stay would be contrary to the Supreme Court's instructions that exhaustion stays should be granted only in limited circumstances and that the Court must be "mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." Rhines, 544 U.S. at 276-77. The Court will therefore deny Petitioner's motion to stay and consider his claims on the existing state court record.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Stay and Abeyance of Habeas Corpus Proceedings Pending Exhaustion of State Remedies [72] is **DENIED**.

Dated this 21st day of November, 2022.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**